# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL C. MONNHEIMER,<br>Plaintiff,<br><br>vs.<br><br>A.C. NIELSEN,<br>Defendant | Civil Action No. 1:08-cv-356<br>Barrett, J.<br>Hogan, M.J.<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Michael C. Monnheimer brings this employment discrimination action against his former employer, A.C. Nielsen, alleging defendant retaliated against him for reporting unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e et seq. This matter is before the Court on defendant's motion to dismiss (Doc. 9), plaintiff's memoranda in opposition (Docs. 16, 18), and defendant's reply memorandum. (Doc. 17).

Plaintiff's complaint alleges that in June of 2005, he reported unlawful employment practices and complained to defendant's management about discriminatory and retaliatory actions taken against him and others by his supervisor, Debra Rice. He alleges that management failed to take corrective action and that on July 26, 2007, he was discharged from his employment. (Doc. 3).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on June 22, 2007. (Doc. 3, attachment). Plaintiff alleges discrimination on the basis of retaliation. *Id.* On February 27, 2007, the Equal Employment Opportunity Commission issued a notice of right to sue. *Id.* Plaintiff filed the instant lawsuit on May 28, 2008.

Defendant seeks dismissal of the complaint on the basis that the Court lacks federal jurisdiction over the complaint and because the complaint fails to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, defendant asserts that plaintiff's failure to file a timely charge of discrimination with the EEOC requires dismissal of his complaint. (Doc. 9).

Plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols*, 318 F.3d at 677 (citing *Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir. 1986)). "[W]here a defendant argues that the plaintiff has not alleged sufficient facts in [his] complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Nichols*, 318 F.3d at 677 (citing *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999)).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept

2

as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[1] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Twombly*, 127 S.Ct. at 1974.

In a Title VII action, a plaintiff must file a timely charge of discrimination with the EEOC before filing a federal lawsuit. *Alexander v. Local 496, Laborers' International Union of North America*, 177 F.3d 394, 407 (6th Cir. 1999), *cert. denied*, 528 U.S. 1154 (2000). "[T]he Title VII

---

[1]The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

3

administrative charge period is functionally equivalent to a statute of limitations." *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-95 (1982)). The statute of limitations begins to run from the date of "the alleged unlawful employment practice. . . ." 42 U.S.C. § 2000e-5(e)(1). Title VII has a dual statute of limitations:

> Usually, if the alleged discrimination occurred more than 180 days prior to the plaintiff's filing of an EEOC charge, claims implicating these actions are barred. However, if the alleged unlawful practice occurs in a "deferral state," in this case Ohio, which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file suit within 300 days of the alleged discriminatory act.

*Alexander*, 177 F.3d at 407 (citation omitted). "[T]he starting date for the 300-day limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated." *Amini v. Oberlin College*, 259 F.3d 493, 499 (6th Cir. 2001). Since Ohio is a deferral state, plaintiff was required to file his EEOC charge within 300 days of the date his employment was terminated in violation of Title VII. *See id. See also Rasimas v. Michigan Department of Mental Health*, 714 F.2d 614, 621 (6th Cir. 1983), *cert. denied*, 466 U.S. 950 (1984); *Hall v. Ledex, Inc.*, 669 F.2d 397, 398 (6th Cir. 1982).[2] The filing of a timely charge of discrimination, while a condition precedent to suit in federal court, is not a jurisdictional prerequisite and, similar to a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S.

---

[2]"In deferral states, such as Ohio, with work sharing agreements between the EEOC and the state agency, a filing with the EEOC is automatically referred to the state agency and is deemed received by the other." *Welker v. Goodyear Tire Co.*, 1997 WL 369450, *2 (6th Cir. 1997) (unpublished) (citations omitted). *See also Nichols*, 318 F.3d at 678 ("It is well settled law that if the EEOC fails to refer a charge to the state charging agency, the EEOC's misfeasance is not held against the plaintiff."). The Charge of Discrimination attached to plaintiff's complaint was presented to the EEOC and contains the statement, "I want this charge filed with both the EEOC and the State or local Agency, if any." (Doc. 3, attachment). Therefore, the Court deems the charge as being filed with both the Ohio Civil Rights Commission and the EEOC.

4

385, 393 (1982).

In the instant case, plaintiff's complaint alleges that defendant violated Title VII when it retaliated against him for reporting unlawful employment practices and fired him on July 26, 2006. (Doc. 3 at 2). Therefore, plaintiff had 300 days from this date to file a charge of discrimination with the EEOC, that is, until May 22, 2007. Plaintiff's Charge of Discrimination is dated June 22, 2007, after the 300-day time limit. However, plaintiff presents evidence that he completed an EEOC Intake Questionnaire at the Cincinnati, Ohio office of the EEOC on May 17, 2007, providing relevant information concerning the charge of discrimination. (Doc. 18, attachment). The issue for the Court is whether Intake Questionnaire may be construed as a "charge" of discrimination for purposes of the Act.

The Supreme Court recently addressed this issue in *Federal Express Corp. v. Holowecki*, 128 S.Ct. 1147 (2008). In *Holowecki*, a case brought pursuant to the Age Discrimination in Employment Act ("ADEA"), the Supreme Court held that a document filed with the EEOC may be deemed a charge of discrimination if it contains the information required by the agency's regulations, *see* 29 C.F.R. § 1626.8, and can "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* at 1157-58. The Supreme Court in *Holowecki* found that an EEOC intake questionnaire which was accompanied by a detailed affidavit supporting the contention of discrimination and asking the EEOC to "force Federal Express to end their age discrimination," *id.* at 1159-60, was a sufficiently clear request for action by the EEOC to constitute a charge of discrimination. *Id.* at 1160. While noting that the EEOC is not required to construe every intake questionnaire as a charge of discrimination, the Supreme Court

acknowledged there may "be instances where the indicated discrimination is so clear or pervasive that the agency could infer from the allegations themselves that action is requested and required. . . ." *Id.* at 1159. The Supreme Court further noted that a subsequently filed formal charge of discrimination "does not nullify an earlier, proper charge." *Id.* at 1160. The Court reasoned:

> Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies. Construing ambiguities against the drafter may be the more efficient rule to encourage precise expression in other contexts; here, however, the rule would undermine the remedial scheme Congress adopted. It would encourage individuals to avoid filing errors by retaining counsel, increasing both the cost and likelihood of litigation.

*Id.*

The federal courts have consistently applied *Holowecki* in the Title VII context as well, reasoning that the exhaustion of remedies and charge requirements of Title VII parallel those of the ADEA. *See, e.g., Grice v. Baltimore County, Md.*, 2008 WL 4849322, *4 (D. Md. 2008); *Moore v. Angus Chemical Co.*, 2008 WL 4491592, *4 (W.D. La. 2008); *Taylor v. OCE Imagistics, Inc.*, 2008 WL 2148557, *2 (E.D. Va. 2008); *Evenson v. Sprint/United Mgmt. Co.*, 2008 WL 4107524, *6 (N.D. Tex. 2008); *Grigsby v. Pratt & Whitney Amercon, Inc.*, 2008 WL 2156355, *5 (M.D. Pa. 2008); *Broxterman v. Falley's Inc.*, 2008 WL 2038917, *2 (D. Kansas 2008); *Ellington v. Murray Energy Corp.*, 2008 WL 2019549, *2 (D. Utah 2008). Therefore, this Court shall apply *Holowecki* to plaintiff's Title VII claim in this case.

In the instant case, plaintiff states he appeared in person at the Cincinnati district office of the EEOC on May 17, 2007, completed an intake questionnaire, indicated he had additional documentation with him at the time, and was prepared to comply with any additional requests to take further action. (Doc. 18 at 2; EEOC Intake Questionnaire date 5/17/07, attached). Plaintiff

states that the EEOC indicated no further action was required on his part at that time and that the EEOC would contact plaintiff when additional information or action was required. *Id.* Plaintiff was subsequently contacted by the EEOC, met with an investigator to provide additional information, and signed a formal charge of discrimination on June 22, 2007. (Doc. 18 at 2).

The Intake Questionnaire completed by plaintiff on May 17, 2007 contained the regulatory information set forth in 29 C.F.R. § 1601.12, including the name, address, and telephone number of plaintiff and his former employer; allegations that he was the victim of discrimination based on retaliation and disability; the number of employees who worked for the defendant; and a statement indicating he had not sought the assistance of any government agency regarding this matter. (Doc. 18, attachment). The Intake Questionnaire also contains a statement that plaintiff was offered a severance package normally offered to downsized employees, but that plaintiff refused the package because it included "a gag clause and waiver of future action against the company–I refused the package to preserve my rights of recourse." (Doc. 18, attachment, Question 6). The form also bears statements concerning plaintiff's alleged disability "caused by the retaliatory actions against me" and that his request for medical leave was denied when such requests are "always granted to all employees." (Doc. 18, attachment, Question 9). The Intake Questionnaire also contains a statement that "[w]hen this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will . . . consider it to be a sufficient charge of discrimination under the relevant statute(s)." *Id.* The EEOC subsequently issued a formal Charge of Discrimination to defendant which does not indicate that plaintiff filed any other documents to prompt the EEOC to act.

The Court deems the May 17, 2007 Intake Questionnaire to be a timely filed charge of

7

discrimination in this case. The questionnaire contains the regulatory information set forth in Section 1601.12 as well as statements indicating plaintiff's desire to pursue an action against the company to vindicate his rights, which when taken as a whole can reasonably be construed as a request by plaintiff for the EEOC to take action to protect his rights based on the discriminatory actions alleged. *Holowecki,* 128 S.Ct. at 1157-58. Since the Intake Questionnaire was filed within the 300-day time limit, the Court determines that plaintiff timely filed a charge of discrimination and met the prerequisites for filing suit in this Court. Accordingly, dismissal of the complaint for lack of federal jurisdiction or on the basis of failure to state a claim upon which relief may be granted is not warranted.

Assuming, arguendo, that the Intake Questionnaire is not construed as charge of discrimination, plaintiff is nevertheless entitled to equitable tolling of the limitations period under the facts of this case.

Rather than a jurisdictional requirement, the timely filing of a charge of discrimination with the EEOC is a condition precedent to filing a Title VII complaint in federal court. *Zipes,* 455 U.S. at 393. As such, the limitations period is subject to equitable tolling. *Id. See also National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002). Equitable tolling is a doctrine to be applied sparingly by the Court. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984) (per curium); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000). The Court examines five factors in determining the appropriateness of equitable tolling: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal

requirement. *Graham-Humphreys,* 209 F.3d at 561. The Court "need not find that the employer willfully engaged in wrongful conduct to allow equitable tolling." *Seay v. Tennessee Valley Authority,* 339 F.3d 454, 469 (6th Cir. 2003). These factors are neither comprehensive nor exclusive, and equitable tolling should be based on the particular facts of each case. *Id.*; *Amini,* 259 F.3d at 500.

Here, plaintiff meets the requirements for equitable tolling. Plaintiff personally appeared at the local EEOC office to file his charge of discrimination on May 17, 2007, prior to the 300-day deadline. He completed the EEOC Intake Questionnaire and was ready to provide any additional information requested by the EEOC, including the signing of a formal charge. (Doc. 18 at 2). He was informed that the EEOC did not require any additional information or action at that time and that the EEOC would contact plaintiff as soon as any additional information or action was required. When plaintiff was thereafter contacted by the EEOC, he promptly met with the investigator, provided additional information, and signed a formal charge of discrimination on June 22, 2007, thirty-one days after the 300-day deadline. *Id.* Plaintiff's diligence in pursuing his rights, the fact that he personally appeared at the office of the EEOC within the 300-day statutory period, his reliance on the EEOC's representation at the initial meeting that nothing further was required by plaintiff, the short delay in filing the formal charge of discrimination, and the absence of prejudice[3] to the defendant persuades the Court that it is fair to equitably toll the 300-day period for filing a charge with the EEOC.

For these above reasons, the Court determines that plaintiff's Title VII claims are not

---

[3] "Prejudice for purposes of the doctrine of equitable tolling means the disposal of evidence and the inaccessibility of witnesses, the dimming of recollections and other disadvantages incident to the lapse of time." Salins v. City of Dayton, 624 F. Supp. 632, 634 (S.D.Ohio 1985).

9

time-barred. Accordingly, defendant's motion to dismiss should be denied.

**IT IS THEREFORE RECOMMENDED THAT** defendant's motion to dismiss be **DENIED.**

Date: 11/21/08

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL C. MONNHEIMER,
Plaintiff,

vs.

A.C. NIELSEN,
Defendant

Civil Action No. 1:08-cv-356
Barrett, J.
Hogan, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)　C. Date of Delivery |
| 1. Article Addressed to:<br><br>Michael Monnheimer<br>111 East University Blvd.<br>Apt. 3<br>Cinti, OH 45219 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☑ Certified Mail　☐ Express Mail<br>☐ Registered　☐ Return Receipt for Merchandise<br>☐ Insured Mail　☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)　☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 0710 0000 8134 9830 |

PS Form 3811, August 2001　　Domestic Return Receipt　　102595-02-M-1540

1:08 cv 356　C Doc. 19